**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1875
_____

AMOS BROWN, a/k/a Nabbidin Ali,
                                        Appellant,

v.

CAMDEN COUNTY BOARD OF SOCIAL SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-16-cv-08883)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2017

Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: August 11, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amos Brown, a/k/a Nabbidin Ali, appeals from an order of the District Court dismissing his civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm.

Brown filed a pro se civil rights complaint, 42 U.S.C. § 1983, and a motion to proceed in forma pauperis in the United States District Court for the District of New Jersey. In his complaint, which he later amended, Brown claimed a violation of his Fourteenth Amendment right to equal protection of the laws in connection with the denial of a government benefit, specifically temporary rental assistance through the Work First New Jersey ("WFNJ") program via a Med-1 form for people with at least 12 months of disability who find themselves homeless. Brown contended that the defendant agency, the Camden County Board of Social Services, arbitrarily denied his application for individual housing, and that the Director of the Division of Family Development, Department of Human Services, improperly reversed the decision of an Administrative Law Judge who had concluded that Brown should not live in a group environment in a shelter.[1]

Brown attached several exhibits to his complaint, including an Initial Decision dated July 11, 2016 by Administrative Law Judge Robert Bingham II, reversing the

---

[1] Emergency assistance is provided through the WFNJ program "as a supportive service to meet the emergent needs of WFNJ recipients, so that recipients shall not be prevented from complying with the work requirement due to disruptions caused by homelessness and related emergencies. Emergency assistance is also available to Supplemental Security Income (SSI) recipients." N.J. Admin. Code § 10:90-6.3(a). The program "is administered at the local level by county welfare agencies pursuant to regulations and directives promulgated by" the Department of Human Services, Division of Family Development. B.H. v. N.J. Department of Human Services, 947 A.2d 698, 702 (N.J. Super. Ct., App. Div. 2008).

agency's decision denying emergency housing assistance and ordering the agency to provide appropriate shelter. Judge Bingham explained that Brown's completed Med-1 form indicated that he had mental health issues which were not conducive to a shelter placement (a placement he had refused), and that he needed stable, independent housing. Judge Bingham's report indicated that the final decision, nevertheless, rested with the Director of the Division of Family Development pursuant to N.J. Stat. Ann. § 52:14B-10(c) ("The head of the agency, upon a review of the record submitted by the administrative law judge, shall adopt, reject or modify the recommended report and decision…."). Brown also attached to his complaint Director Natasha Johnson's Final Decision, dated September 6, 2016, rejecting Judge Bingham's Initial Decision and affirming the agency's determination. The Final Decision noted that the agency had asked Brown to try the "safe haven" unit of a shelter for one night, where staff would monitor his medications and ensure that he attended required programs, and determine whether this unit within the shelter was appropriate for his specific needs. According to the Final Decision, Brown refused the placement, walked out of the interview, and failed to return to the agency within 30 days, thus failing to demonstrate that he had a genuine housing emergency.

The District Court granted Brown's application to proceed in forma pauperis. Then, in an order entered on March 30, 2017, the District Court dismissed Brown's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court construed Brown's civil rights claim as arising under the procedural due process clause of the Fourteenth Amendment, rather than the equal protection clause, and determined that a

3

procedural due process claim could not proceed because Brown had failed to take advantage of all of the process available to him under state law. Specifically, the Court noted that Brown had been advised in the Board's Final Decision that he could seek further review in the Appellate Division of the New Jersey Superior Court, and that he had 45 days in which to do so under Rule 2:4-1(b), Rules Governing the Courts of New Jersey. Because Brown failed to take advantage of this potential state law remedy, the District Court reasoned, he could not pursue a constitutional due process claim in federal court.

Brown appeals. We have jurisdiction under 28 U.S.C. § 1291. In his pro se brief, Brown argues that the agency's housing decision was arbitrary and malicious because the agency did not give the proper weight to his treating psychiatrist's diagnosis, as stated in the WFNJ Med-1 form, and that the diagnosis persuasively establishes that he cannot live in a group shelter but must instead have individual housing. Brown argues further that the state procedures available to him are inadequate. Specifically, he argues that "the State system of procedural due process is characterized by a 'kangaroo court' administrative review system which unlawfully empowers the Director … to arbitrarily second-guess and override the ALJ decision *without any evidentiary support whatsoever*." Petitioner's Informal Brief, at 15 (emphasis in original). In addition, Brown argues that the agency violated certain provisions of the state Administrative Code. Id. at 18-19.

We will affirm. The in forma pauperis statute provides that: "the court shall dismiss the case at any time if the court determines that … the action … fails to state a

4

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) where it is based on legal conclusions that may be disregarded. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). We conclude that the District Court properly dismissed Brown's civil action under 28 U.S.C. 1915(e)(2)(B)(ii). The Fourteenth Amendment prohibits a state actor from depriving persons of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. We will assume that the interest asserted by Brown is encompassed within the Fourteenth Amendment's protections, see Board of Regents v. Roth, 408 U.S. 564, 577 (1972), and proceed to the question whether the procedures available in New Jersey provide him with due process of law.

No federal constitutional procedural due process violation is stated where adequate procedures are available to a plaintiff to redress his injury and he sues in federal court instead of taking advantage of them. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000);[2] see also Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property is not actionable under 42 U.S.C. § 1983 so long as a meaningful post-deprivation remedy is available). A state provides constitutionally adequate process when it provides remedies to rectify fully a legal error by a local administrative body. See Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). New Jersey provides an appeal as of right to the

---

[2] This requirement is analytically distinct from the exhaustion requirement that exists in other contexts; here, we are concerned only with whether the harm alleged has occurred. Id.

Appellate Division of the Superior Court from "final decisions or actions of any state administrative agency or officer," Rule 2:2-3(a)(2), Rules Governing the Courts of New Jersey. Here, this would include review as of right of the Final Decision of the Director of the Division of Family Development, Department of Human Services. See generally B.H. v. New Jersey Department of Human Services, 947 A.2d 698 (N.J. Super. Ct., App. Div. 2008) (reviewing final agency decision of Department of Human Services, Division of Family Development, determining that public assistance claimant no longer qualified for Work First New Jersey/Temporary Assistance for Needy Families benefits). The judicial remedy provided is no doubt adequate. Because Brown did not pursue the process available to him, the harm alleged -- a federal constitutional procedural due process violation -- did not occur, see Alvin, 227 F.3d at 116; Hudson, 468 U.S. at 533, and his civil rights action was properly dismissed.

For the foregoing reasons, we will affirm the order of the District Court dismissing Brown's civil rights action under 28 U.S.C. § 1915(e)(2)(B).